# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DAVID AZIZ,               )
                                 )
     **Plaintiff,**          )
                                 )
**v.**                          )     **Case No. 3:25-cv-01320**
                                 )     **Judge Aleta A. Trauger**
**ROOMS TO GO TENNESSEE CORP.,**   )
                                 )
     **Defendant.**        )

## MEMORANDUM and ORDER

Plaintiff David Aziz brings claims against his former employer, defendant Rooms to Go Tennessee Corp. ("Rooms to Go"), for discrimination and retaliation under federal and state law. (Compl., Doc. No. 1.) The defendant filed a Motion to Compel Arbitration and Memorandum (Doc. No. 9), along with a Declaration and an Exhibit thereto (Doc. No. 9-1), to which the plaintiff filed a Response (Doc. No. 12) and his own Affidavit (Doc. No. 12-1), and in further support of which the defendant filed a Reply (Doc. No. 13), along with a second Declaration and Exhibits thereto (Doc. No. 13-1).

In its Motion, Rooms to Go contends that Aziz signed an arbitration agreement (the "Agreement") when he applied for employment and that the Complaint's claims fall within the Agreement's scope. (Doc. No. 9 at 2, 6.) In response, Aziz argues, citing his own sworn Affidavit, that the defendant's hiring manager filled out his job application for him and signed the Agreement without his knowledge. (Doc. No. 12 at 2–4.) The defendant disputes Aziz's account. (Doc. No. 13 at 1–3.)

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, which governs arbitration agreements, requires courts to "stay the trial of" any suit "brought . . . upon any issue referable to arbitration

under an agreement . . . until such arbitration has been had." 9 U.S.C. § 3. Section 4 allows parties "aggrieved by" another's "failure, neglect, or refusal . . . to arbitrate" under an arbitration agreement to petition a court "for an order directing that such arbitration proceed." *Id.* § 4. It further provides that, if the court is "satisfied that the making of the agreement for arbitration . . . is not in issue," the court must direct "the parties to proceed to arbitration." *Id.* But, "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." *Id.*

The movant bears the initial burden to provide evidence that an arbitration agreement exists. *BLC Lexington SNF, LLC v. Townsend*, 171 F.4th 788, 794 (6th Cir. 2026) (citing *GGNSC Louisville Hillcreek, LLC v. Est. of Bramer ex rel. Bramer*, 932 F.3d 480, 484 (6th Cir. 2019)). Rooms to Go has filed the Agreement and has therefore met its burden. (Doc. No. 9-1 at 6–9.) The burden then shifts to the non-movant to "place the validity of the agreement at issue." *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 404 (6th Cir. 2025) (citing *Boykin v. Family Dollar Stores of Mich., LLC*, 3 F.4th 832, 839 (6th Cir. 2021)).

Courts apply the summary judgment standard to determine whether the non-movant has put the formation of an arbitration agreement in issue. *BLC Lexington*, 171 F.4th at 794 (citing *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 881 (6th Cir. 2021)); *see also Boykin*, 3 F.4th at 838 ("The question whether the party opposing arbitration has put the making of the arbitration contract 'in issue' looks a lot like the question whether a party has raised a 'genuine issue as to any material fact.'" (citation omitted)). The non-movant "must offer evidence that she did not sign the agreement or otherwise accept its terms." *Memmer*, 135 F.4th at 405 (citing *Boykin*, 3 4th at 839). The Sixth Circuit has "held that affidavits from employees attesting that they never signed or never saw the arbitration agreement suffice[] to place the issue in dispute."

2

*Id.* (citing *Bazemore v. Papa John's U.S.A., Inc.*, 74 F.4th 795, 798 (6th Cir. 2023)). That is the case here. (Aziz Aff., Doc. No. 12-1.) An "unequivocal denial . . . can create a genuine dispute of fact" because courts review factual conflicts in the light most favorable to the non-movant. *Boykin*, 3 F.4th at 840 (internal quotation marks and citations omitted). Because Aziz has placed the formation of the Agreement "in issue," the court will proceed to resolve the factual dispute in an evidentiary hearing, to be held the week of August 3, 2026. Counsel shall contact Judge Trauger's courtroom deputy to schedule a date and time available to them, the court, and necessary witnesses.

ALETA A. TRAUGER
United States District Judge

3